UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BLAKE O'BRYAN SWANN, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 2:22-CV-00080-JRG-CRW |
| KEITH SEXTON, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Blake O'Bryan Swann, a petitioner proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that the State of Tennessee has falsely imprisoned him due to a misapplication of his sentencing credits [Doc. 1]. Respondent has moved to dismiss this action based on Petitioner's failure to fully exhaust his State-court remedies prior to filing suit [Doc. 10]. Petitioner has not responded to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1; *see also* Doc. 5 at 1-2]. For the reasons articulated below, the Court finds that Respondent's motion should be granted and this action dismissed without prejudice.

## I.    BACKGROUND

On January 29, 2018, Petitioner pleaded guilty to aggravated assault and received a Range I sentence of four years' probation [Doc. 9-1 at 36; Doc. 9-10 at 3-17]. Petitioner filed a pro se notice of appeal challenging the judgment [Doc. 9-1 at 39], and while that appeal was underway, a probation violation warrant was issued on March 15, 2018, after Petitioner's probation officer alleged that Petitioner had engaged in assaultive, abusive, threatening, or intimidating behavior [Doc. 9-1 at 42-45]. At the probation revocation hearing on June 19, 2018, Petitioner conceded that he had violated the terms of his parole, and upon agreement of the parties, the trial court

revoked Petitioner's probation, placed him on community corrections for a period of four years, and began anew his four-year sentence of probation [Doc. 9-11 at 3-8].

Following that order, Petitioner appealed [Doc. 9-12]. The Tennessee Court of Criminal Appeals ("TCCA") consolidated both of Petitioner's pending appeals and denied relief [Doc. 9-13]. *See also State v. Swann*, No. E2018-00354-CCA-R3-CD, 2019 WL 5858163 (Tenn. Crim. App. Nov. 8, 2019). Petitioner sought discretionary review from the Tennessee Supreme Court but withdrew his application before that court could issue its decision [Docs. 9-7 and 9-8].

Petitioner's probation was again revoked on March 31, 2022, when Petitioner was removed from the Alternative Community Corrections Program due to "absconding" [Doc. 1-2 at 3]. Petitioner has now appealed that decision to the TCCA, and those proceedings remain pending. *See* Tennessee State Courts, *Appellate Case Search*, https://www.tncourts.gov/PublicCase History/CaseDetails.aspx?id=84619&Party=True (last accessed Oct. 17, 2022).

## II. ANALYSIS

A petitioner seeking federal habeas relief must first exhaust his available state-court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when a petitioner fairly presents each federal claim to every available level of the state court system prior to filing for federal habeas relief. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Lyons v. Stovall*, 188 F.3d 327, 331 (6th Cir. 1999); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). In Tennessee, a petitioner is deemed to have fully exhausted his state-court remedies once he has presented his claims to the TCCA for review. *See* Tenn. S. Ct. R. 39; *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (finding Rule 39 removed requirement that petitioner present claims to Tennessee Supreme Court to fully exhaust remedies).

If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731

(1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Here, Petitioner's federal habeas petition seeks relief from the same revocation order he is currently appealing before the TCCA. Because Petitioner's federal habeas claim mirrors the claims raised in his still pending state-court proceedings, the claim is not yet exhausted.

### III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

### IV. CONCLUSION

For the reasons set forth above, Respondent's motion [Doc. 10] will be **GRANTED**, and Swann's petition for a writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

3

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE