UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BLAKE O'BRYAN SWANN, )
)
Petitioner, )
)
v. ) No. 2:22-CV-00080-JRG-CRW
)
KEITH SEXTON, )
)
Respondent. )

**MEMORANDUM OPINION AND ORDER**

Petitioner filed a "Motion—Notice of [A]ppeal" in this closed federal habeas corpus action under 28 U.S.C. § 2254 [Doc. 16]. In the instant motion, Petitioner maintains that he (1) is entitled to an evidentiary hearing and the appointment of counsel, (2) "had the case switched to [the] Knoxville appeals court to prevent. . . bias or prejudice[,]" (3) has tort claims related to his treatment in the Washington County Detention Center, (4) has exhausted his claims in the state courts, and (5) has submitted his notice of appeal [*Id.*]. For the reasons set forth below, Petitioner's motion will be denied, and the Clerk will be directed to construe the instant filing as a Notice of Appeal.

**I.      MOTION FOR RECONSIDERATION**

In his motion, Petitioner asks the Court to reconsider its prior rulings dismissing his federal habeas petition for want of exhaustion and denying his post-judgment motion for relief. While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "a motion with that title that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Here, Petitioner appears to challenge the Court's Judgment Order dismissing his

federal habeas petition, which was filed more than 28 days ago, as well as the Court's denial of Petitioner's post-judgment motion, which was filed within twenty-one days of the challenged Order.

A Rule 59(e) motion may be granted "to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)). Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

However, neither Rule 59(e) nor Rule 60(b) allow Petitioner reargue his case merely because he disagrees with the Court's conclusions. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (holding Rule 59(e) does not provide litigants the "opportunity to re-argue a case") (citation omitted); *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

In ruling on a prior post-judgment motion, the Court advised Petitioner that his requests for tort relief are improper in his habeas petition, that he may "file a new federal habeas action once his claims are exhausted if he desires to have the merits of his claims heard," and that, at this juncture, any request for the appointment of counsel is more appropriately filed in the Sixth Circuit on appeal [Doc. 15 at 1-3 & n.1].

Nothing in Petitioner's current motion suggests that the Court erred in dismissing his federal habeas petition without prejudice as unexhausted, or that it erred in denying Petitioner's post-judgment motion. Instead, Petitioner's motion reflects mere disagreement with the Court's conclusions. Accordingly, Petitioner is not entitled to relief under Rule 59(e) or Rule 60(b), and his motion [Doc. 16] is **DENIED**. Finding that reasonable jurists would not debate whether this motion should have been resolved differently or that the issues presented herein are deserving of further encouragement, a certificate of appealability from this decision is **DENIED**. *See Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003).

II.  **NOTICE OF APPEAL**

Petitioner has also styled his motion as a Notice of Appeal of this Court's dismissal of his § 2254 petition [Doc. 16 at 1]. The contents of a notice of appeal are governed by Rule 3 of the

Federal Rules of Appellate Procedure, which requires the appellant to specify the party taking the appeal, the judgment or order being appealed, and the court to which the appeal is taken. Fed. R. App. P. 3(c)(1)(A)-(C). However, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal[.]" Fed. R. App. P. 3(c)(7). Therefore, substantive compliance with Rule 3 will suffice, and courts "liberally construe the requirements of Rule 3" to permit a notice of appeal "technically at variance with the letter of [Rule 3]" that constitutes "the functional equivalent of what the rule requires." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988)).

Petitioner's motion identifies that he is the party taking the appeal, and he signed his motion. *See* Fed. R. App. 3(c)(2) (providing "[a] pro se notice of appeal is considered filed on behalf of signer"). Petitioner identifies the Order dated February 28, 2023, as the subject of his appeal, but it apparent that his ultimate challenge is to the dismissal of his petition. Fed. R. App. P. 3(c)(1)(B). Petitioner does not state that he desires to seek an appeal to the Sixth Circuit, but as that is the court where Petitioner may seek appellate review, the Court finds Petitioner's failure to name that court is not fatal to his attempt to appeal. *See Lamb v. Howe*, 677 F. App'x 204, 207-08 (6th Cir. 2017) ("Where, as here, the document acting as a notice of appeal includes the case number and the appellant's name, and is sent to the district court from whose judgment the appeal is taken, we can readily determine to which court the appellant seeks to appeal."). Accordingly, the Court finds Petitioner's motion should be construed as a Notice of Appeal, and the Clerk is **DIRECTED** to refile the instant motion as such.

So ordered.

ENTER:

                s/J. RONNIE GREER
                UNITED STATES DISTRICT JUDGE